IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BESSLINDORA GOREE | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 10-2271 |
| | : | |
| LOWER MERION | : | |
| SCHOOL DISTRICT, | : | |
| Defendant. | : | |

DEFENDANT LOWER MERION SCHOOL DISTRICT'S
MEMORANDUM IN LAW IN SUPPORT OF
EXCLUDING POST-FAILURE-TO-HIRE EVIDENCE

Defendant Lower Merion School District ("Defendant" or "District") hereby submits its memorandum of law in support of excluding post-failure-to-hire evidence put forth by Plaintiff Besslindora Goree ("Plaintiff" or "Goree"). The District respectfully requests this Honorable Court exclude post-failure-to-hire evidence at trial.

I.   INTRODUCTION

"The precise issue in this case is whether the reasons offered by defendant for not hiring Goree are pretextual." Order, Goree v. Lower Merion School District, Civil Action No. 10-2271 (E.D. Pa. October 12, 2011). Plaintiff seeks to introduce post-failure-to-hire evidence at trial in support of her assertion that the District's reasons for not hiring her are pretextual. However, the evidence offered is irrelevant and is more likely to confuse the jury than be probative of the District's reasons for not hiring Plaintiff.

The Plaintiff seeks to introduce: 1) newly discovered evidence relating to the POWER Program at Harriton High School ("HHS"), which she alleges all African-American students must participate in, 2) the alleged lack of a celebration of Martin Luther King, Jr. Day at HHS in 2010, and 3) the allegedly offensive African American History display set up at HHS during

{00517161}

African American History Month in February 2010. None of this evidence is dispositive of or related to the question of the District administration's view of Plaintiff's professionalism, her ability to take constructive criticism, or her abilities as a classroom teacher and sponsor of student activities. Moreover, none of this evidence is related to the District's hiring policies or practices.

## II. LEGAL ARGUMENT

The probative value of the post-failure-to-hire evidence is substantially outweighed by danger of confusing and misleading the jury, and it is irrelevant, as the evidence offered is not proximately related to the District's decision not to hire Plaintiff. Fed. R. Evid. 401, 403. While "a blanket exclusion of evidence of events that occurred before or after" the alleged discrimination may be arbitrary, Riordan v. Kempiners, 831 F.2d 609, 688-89 (7th Cir. 1987), such events must be related to the cause of action. "[T]he question that must be asked when post-event evidence is proffered is whether the evidence sufficiently relates to the central occurrence." Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991). The post-failure-to-hire evidence offered by Plaintiff in this case does not relate to the central occurrence (i.e., the District's decision not to hire Plaintiff).

Plaintiff's post-failure-to-hire evidence is not relevant to Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claim. In the cases cited by Plaintiff, post-incident evidence is admissible for proving a municipal defendant's policy or custom in cases where there is an alleged unspoken policy to violate the civil rights or constitutionally guaranteed rights of a plaintiff, and such evidence is proximately related to the cause of action. For example, in Henry v. County of Shasta, the plaintiff presented the declarations of individuals who, like him, were arrested for minor traffic violations and whose rights were violated. 132 F. 3d 512, 518 (9th Cir. 1997).

Those individuals were arrested after the plaintiff filed suit, and the court inferred that the County was already on notice of the alleged malfeasance of its employees at the jail when the post-event incidents occured. Id. Therefore, the court reasoned that such "post-event evidence" could be used to prove the existence of a municipal policy that was in effect at the time the plaintiff was detained. Id. The fact pattern in Foley v. City of Lowell was similar to that of Henry, in that the plaintiff presented post-event evidence of an incident of police brutality that occurred after he had been beaten by police and had filed a Section 1983 suit for the violation of his constitutional rights. 948 F.2d 10, 13 (1st Cir. 1991).

Plaintiff seeks to introduce evidence of an allegedly offensive display put up for African American History Month in February 2010[1] and the alleged lack of a celebration of Martin Luther King, Jr. Day at HHS in 2010. However, such incidents occurred during the 2009-2010 school year, after the District declined to extend an offer of employment to Plaintiff. Further, those post-event incidents are not at all related to Plaintiff's employment discrimination action. This case is clearly distinguishable from Henry and Foley because those cases involved post-event incidents that were substantially similar and related to the cause of action, and the probative value of those post-event incidents was significant. Here, that simply is not the case. The proffered evidence is irrelevant.

In Riordan v. Kempiners, a young woman claimed sex discrimination based upon a her

---

[1] Plaintiff claims "an issue of fact remains" as to whether Mr. Kline approved or supervised any of the displays at HHS, including the Black History Month display in 2010. See Plaintiff's Position Regarding Harriton's "Power" Program and Other Post-Termination Evidence, Goree v. Lower Merion School District, Civil Action No. 10-2771, October 12, 2011 at pg. 4. Plaintiff has failed to set forth any evidence to dispute Mr. Kline's denial that he approved or supervised any of the displays at HHS. Plaintiff was not employed by the District during February 2010, and has no direct knowledge to dispute the fact that Mr. Kline did not supervise or approve the display. Andrea Wilson-Harvey stated in her deposition that she had problems with the display and relayed her concerns to a school social worker, but could not confirm beyond a hearsay statement from the social worker that the message was passed along to Mr. Kline. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgement, Goree v. Lower Merion School District, Civil Action No. 10-2771, December 10, 2010, Ex. 39, Deposition Transcript of Andrea Wilson-Harvey at 24:18-21, 35:18-36:9.

{00517161}

being paid less than her male counterparts. 831 F.2d 609, 693 (7th Cir. 1987). The Court held that the trial judge improperly excluded evidence that she was paid less than two male supervisors, that her employer had given exceptional raises to two young men in the same position (which she had requested but had been denied), and that there was systematic wage disparity between male and female employees. Id. at 698. Further, the Court held that the trial judge erred in excluding evidence of *all* events subsequent to the Plaintiff's filing suit, even though she remained employed by the defendant for another nine (9) months. Id. "Too much probative evidence was arbitrarily excluded." Id. at 699. However, the Court also held that the trial judge properly excluded public statements that the employer had "underutilized" women as being "entirely remote" of the pay equity issue and potentially prejudicial. Id. at 698.

Unlike the plaintiff in Riordan, Plaintiff seeks to introduce evidence of incidents that occurred after the District decided not to hire Plaintiff and she was no longer employed as a long term substitute. Further, as explained above, Plaintiff is attempting to introduce evidence that is not related to her employment discrimination action. The post-failure-to-hire evidence that plaintiff seeks to introduce has nothing to do with her employment qualifications, professionalism, or abilities as sponsor of student activities. In fact, it has nothing to do with employment or employment decisions on any level. This proffered post-failure-to-hire evidence is "entirely remote" of the racial discrimination issue and is therefore irrelevant, and is more prejudicial than probative.

In Ryder v. Westinghouse Electric Corp., the Court determined that comments contained in a memorandum authored by the CEO that was released one year after the termination of the plaintiff in an age discrimination case could be useful if "the jury were to believe that these comments accurately reflected [an] existing managerial attitude towards older workers" when the

plaintiff was terminated. 128 F.3d 128, 133 (3d Cir. 1987). The memorandum reflected comments made about eliminating older employees from the workforce. Id. at 131. The evidence would then "make the existence of an improper motive for [plaintiff's] termination more probable." Id. (citations omitted).

Ryder is clearly distinguishable from the case at hand. The letter proffered by Plaintiff is not signed by Steven Kline, but is instead signed by "the Parent Advisory Committee." See Plaintiff's Position Regarding Harriton's "Power" Program and Other Post-Termination Evidence, Goree v. Lower Merion School District, Civil Action No. 10-2771, October 12, 2011, Ex. A at pg. 1. Further, the second letter is executed by a district teacher. Id. at pg. 2. Though Mr. Kline is mentioned on the brochure, none of the literature related to the program as offered by Plaintiff is signed by him. Id. Plaintiff's contention "that it is the Defendant's policy, and Mr. Kline's prejudicial belief, that all African-American students should be enrolled in a remedial program" is not supported by this evidence. Further, the POWER Program is not related to the hiring or retention of minority teachers. It is geared solely towards students, and is, as demonstrated by Plaintiff's evidence, run by parents and faculty at HHS. Again, the African American History display and the alleged lack of a celebration of Martin Luther King, Jr. Day were post-event incidents, were not related to the District's employment or hiring practices, and are not related to the central occurrence—the District's decision not to hire Plaintiff.

### III. CONCLUSION

For these reasons, the District respectfully requests this Honorable Court exclude at trial 1) newly discovered evidence relating to the POWER Program at HHS, 2) the alleged lack of a celebration of Martin Luther King, Jr. Day at HHS in 2010, and 3) the allegedly offensive African American History display set up at HHS during African American History Month in

February 2010, as such evidence is irrelevant and the probative value of the post-failure-to-hire evidence is substantially outweighed by danger of confusion of the issues and misleading the jury.

> WISLER PEARLSTINE, LLP
>
> By:   s/ Michael D. Kristofco
> **MICHAEL D. KRISTOFCO, ESQUIRE**
> Pa. Bar No. 73148
> **SHAVON Y. SAVAGE, ESQUIRE**
> Pa. Bar No. 205830
> 460 Norristown Road, Suite 110
> Blue Bell, PA 19422
> (610) 825-8400
> *Attorneys for Defendant,*
> *Lower Merion School District*

**Dated**: October 12, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSLINDORA GOREE<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 10-2271 |
| | : |
| LOWER MERION<br>SCHOOL DISTRICT,<br>　　　　Defendant. | :<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Michael D. Kristofco, hereby certify that on October 12, 2011, a true and correct copy of Defendant Lower Merion School District's Memo of Law in Support of Excluding Post-Failure-to-Hire Evidence will be served via email upon:

Andrew D. Cotlar
Law Offices of Cotlar & Cotlar
23 West Court Street
Doylestown, PA 18901

　　　　　　　　　　WISLER PEARLSTINE, LLP

　　　　　　　　　　By:　s/ Michael D. Kristofco
　　　　　　　　　　MICHAEL D. KRISTOFCO, ESQUIRE
　　　　　　　　　　Pa. Bar No. 73148
　　　　　　　　　　SHAVON Y. SAVAGE, ESQUIRE
　　　　　　　　　　Pa. Bar No. 205830
　　　　　　　　　　460 Norristown Road, Suite 110
　　　　　　　　　　Blue Bell, PA 19422
　　　　　　　　　　(610) 825-8400
　　　　　　　　　　*Attorneys for Defendant,*
　　　　　　　　　　*Lower Merion School District*

Dated: October 12, 2011